## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## SHREVEPORT DIVISION

ANGELIA COLLINS                                    CIVIL ACTION NO. 21-4328

VERSUS                                             JUDGE S. MAURICE HICKS, JR.

R T TUTT ENTERPRISES, LLC,                         MAGISTRATE JUDGE HORNSBY
DBA T W TRANSPORT, TRISURA
SPECIALTY INSURANCE COMPANY,
AND DUSTIN BERRY

### MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment (Record Document 20) filed by Defendants R T Tutt Enterprises, LLC dba T W Transport, Dustin Berry ("Berry"), and Trisura Specialty Insurance Company ("Defendants"). Defendants seek summary judgment as to all claims filed by Plaintiff Angelia Collins ("Collins"). Collins opposed the Motion. See Record Document 22. For the reasons set forth below, the Motion for Summary Judgment is **DENIED**.

### FACTUAL AND PROCEDURAL BACKGROUND

This suit arises out of a motor vehicle accident that occurred on June 29, 2021, in Shreveport, Louisiana. See Record Document 20-1 at 1. The collision occurred when Berry, who was operating an 18-wheeler in the right travel lane of I-20, hit Collins's SUV while she was attempting to merge into Berry's lane. See Record Document 1-2 at 1. The parties disagree as to whether Collins had fully entered the travel lane before Berry hit the rear left panel of Collins's SUV. See Record Document 22-1 at 1–2. After the accident, Collins filed suit in the 1st Judicial District Court for the Parish of Caddo, and Defendants removed the case to this Court. See Record Document 20-1 at 1. Collins alleges that Berry "endangered the public and caused [Collins] harm" through various negligence

1

theories. <u>See</u> Record Document 1-2 at 1. Collins further alleges that R T Tutt Enterprises, LLC, is vicariously liable for Berry's actions, as well as individually liable for negligent hiring, retention, training, and supervision of Berry. <u>See id.</u> at 2.

In their Motion for Summary Judgment, Defendants assert that they are entitled to judgment as a matter of law because the accident was "solely caused by the fault and negligence of [Collins]." <u>See</u> Record Document 20 at 1. Specifically, Defendants argue that "[t]he uncontroverted facts establish that Ms. Collins breached her duty to yield the right of way to Mr. Berry and that the scope of this duty encompassed the resulting accident." <u>See</u> Record Document 20-1 at 3. In her opposition, Collins responds that there is a genuine issue of material fact as to who bears fault for the accident, and this Court cannot weigh the credibility of the parties' testimony to resolve the issue at the summary judgment stage. <u>See</u> Record Document 22 at 1.

## LAW AND ANALYSIS

### I.    Summary Judgment Standard

Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." <u>Quality Infusion Care, Inc. v. Health Care Serv. Corp.</u>, 628 F.3d 725, 728 (5th Cir. 2010). "A genuine issue of material fact exists when the evidence is such that a reasonable jury could return a verdict for the nonmoving party." <u>Id.</u> "Rule 56[(a)] mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Patrick v. Ridge</u>, 394 F.3d 311, 315 (5th Cir.

2

2004). If the movant demonstrates the absence of a genuine dispute of material fact, "the nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." <u>Gen. Universal Sys., Inc. v. Lee</u>, 379 F.3d 131, 141 (5th Cir. 2004). Where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant, then summary judgment should be granted. <u>See</u> <u>Boudreaux v. Swift Transp. Co.</u>, 402 F.3d 536, 540 (5th Cir. 2005).

## II.    Analysis

Defendants assert that there is no genuine issue of material fact as to Collins's fault in failing to yield, and thus they are entitled to judgment as a matter of law. <u>See</u> Record Document 20-1 at 4. However, this Court agrees with Collins that controverting testimony exists as to the circumstances surrounding the accident, and thus summary judgment is not proper. The main fact dispute centers around when and if Collins successfully moved her SUV from the merging lane into the travel lane of I-20. <u>See</u> Record Document 22-1 at 1–2. Defendants assert that the impact between the vehicles "occurred as Ms. Collins was trying to merge onto the Interstate" and that "Ms. Collins was in the process of changing lanes" when she failed to safely merge and collided with Berry's tractor trailer. <u>See</u> Record Document 20-2 at 2. In contrast, Collins alleges that she "was in the travel lane, sitting there waiting on the traffic to move, and that's when [Berry] hit [her]." <u>See</u> Record Document 22 at 3 (Ex. A: Deposition of Angelia Collins 22:13–25). Thus, the parties dispute whether Collins had room to merge onto I-20 and who is at fault for the resulting collision. Additionally, there are no third-party witnesses to the accident, and the only other fact witness is the responding officer, Sparkle Tims. <u>See</u>

Record Document 22 at 1 (Ex. C: Deposition of Officer Tims 24:12–14 ("So they actually crashed behind me, so I didn't see their accident.")).

"Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505 (1986). "The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." Id. Where, as here, parties give conflicting factual recollections, the dispute cannot be solved through summary judgment. See Ricard v. Nail, No. 17-CV-1580, 2019 WL 948047, at *2 (W.D. La. Feb. 11, 2019), report and recommendation adopted, No. 17-CV-1580, 2019 WL 954981 (W.D. La. Feb. 26, 2019) (holding that, where "facts offered in the competing summary judgment evidence are in direct conflict," moving party is not entitled to summary judgment). Instead, the fact dispute is left to the province of the jury, the proper body to weigh the credibility of competing testimony. See Turner v. Baylor Richardson Med. Ctr., 476 F.3d 337, 343 (5th Cir. 2007).

Here, because there are two conflicting factual accounts of the accident, the Court must refrain from making a credibility determination. Although Defendants assert that it is undisputed Berry had the right of way, Collins's assertion that she was already firmly established in the travel lane when Berry struck her SUV throws Defendants' position into dispute. See Record Document 20-1 at 9; Record Document 22 at 3. Specifically, Collins's version of the facts controverts whether Berry still had the right of way and whether Collins properly yielded. Record Document 22 at 3. Unlike in the case of Henry v. Reeves, cited by the Defendants, Collins did not make an assumption or an improper

4

legal conclusion as to Berry's actions. See Henry v. Reeves, 296 So.3d 1076, 1082–83 (La. App. 5 Cir. 4/28/20), writ denied, 301 So. 3d 1176 (La. 9/24/20). Instead, Collins merely disputes the chain of events leading up the accident. Thus, Defendants are not entitled to judgment as a matter of law because a genuine issue of material fact exists as to the circumstances surrounding the accident.

## CONCLUSION

For the reasons set forth above, Defendants' Motion for Summary Judgment (Record Document 20) is **DENIED**.

An order consistent with this ruling shall issue herewith.

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 8th day of November, 2022.

S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT