UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

ANGELIA COLLINS                                          CIVIL ACTION NO. 21-cv-4328

VERSUS                                                           JUDGE S. MAURICE HICKS, JR.

R T TUTT ENTERPRISES, ET AL                     MAGISTRATE JUDGE HORNSBY

## REPORT AND RECOMMENDATION

Angelia Collins, represented by attorneys with the firm of Morris, Dewett & Savoie, filed this civil action for damages arising out of a motor vehicle collision. Later in the proceedings, counsel for Ms. Collins filed a motion to withdraw based on an irreconcilable conflict. Doc. 15. Counsel reported that Plaintiff was served with written notice of their intent to withdraw in November 2022. The motion to withdraw was also served on Ms. Collins.

The court issued an order (Doc. 26) that granted the motion to withdraw. The order stated that Ms. Collins was "strongly encouraged to retain new counsel" and granted her more than a month, until December 22, 2022, to either (1) enroll new counsel to represent her in this case or (2) file with the court a written statement that she intends to represent herself. The order warned: "Failure to take one of those steps by December 22, 2022 may result in Ms. Collins's case being dismissed, without further notice, for failure to prosecute." The docket sheet indicates that a copy of the order was mailed to Ms. Collins.

The December 22, 2022 deadline has passed, but there has been no action of record by Ms. Collins or an attorney acting on her behalf. The court provided ample time for Ms. Collins to secure new counsel or indicate her desire to proceed without counsel. Ms. Collins has not taken even the simple step of alerting the court that she desires to proceed on her own. It is highly unlikely that a plaintiff who is unwilling to take such a simple step is interested enough in her case to comply with the other more serious requirements of litigation. Attempting to proceed further with this action would be a waste of time and resources for the court and other parties. Dismissal without prejudice for failure to prosecute is the best exercise of the court's discretion in these circumstances.

Accordingly,

It is recommended that this civil action be dismissed without prejudice.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to

proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

    THUS DONE AND SIGNED in Shreveport, Louisiana, this 4th day of January, 2023.

Mark L. Hornsby
U.S. Magistrate Judge